## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### March 14, 1919.

## THE PEOPLE v. MIKE NOVIK.

### (186 App. Div. 877.)

APPEAL—RECORD STIPULATED BY DEFENDANT TO BE TRUE AND CORRECT CANNOT BE CONTRADICTED BY HIM.

Where a defendant appeals from a judgment of the County Court affirming as modified a judgment of the Court of Special Sessions, convicting him of the crime of petit larceny, and stipulates that the record is true and correct, he cannot contend that he did not plead guilty as stated in said record or did not understand the proceedings or that the interpreter did not properly perform his duty.

APPEAL by the defendant, Mike Novik, from so much of an order of the County Court of Westchester county, entered in the office of the clerk of said county on the 26th day of April, 1918, as affirms as modified a judgment of a Court of Special Sessions convicting him of the crime of petit larceny.

*Elias Rosenthal,* for the appellant.

*Thomas A. McKennell,* Assistant District Attorney (*Lee Parsons Davis,* District Attorney, with him on the brief), for the respondent.

PER CURIAM:

The record before this court contains a notice of defendant's appeal from an order of the County Court of Westchester county, affirming, as modified, a judgment of a Court of Special Sessions in that county. A police justice in a village " may

hold a Court of Special Sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of a misdemeanor committed within such village and triable by a Court of Special Sessions." (Village Law [Consol. Laws, ch. 64; Laws of 1909, ch. 64], § 182.) There is no separate Court of Special Sessions in the village of Hastings-on-Hudson. The record contains an information charging the defendant with the crime of petit larceny. (Penal Law, § 1298.) The crime was triable before a Court of Special Sessions. (Code Crim. Pro., § 56.) The record shows the arraignment of the defendant before the police justice. Witnesses were examined. The defendant pleaded guilty, and the justice holding a Court of Special Sessions accepted the plea and imposed the sentence which as modified has been affirmed by the County Court. The objections sought to be urged, that defendant did not plead guilty or did not understand the proceedings, or that the interpreter did not properly perform his duty, are not available upon this appeal, which comes before this court upon a record which defendant stipulates is true and correct.

The order of the County Court of Westchester county is, therefore, affirmed.

JENKS, P. J., MILLS, RICH, BLACKMAR and KELLY, JJ., concurred.

Order of the County Court of Westchester county affirmed.